**Lorinda Orozco FERRERAS,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 03–71215.

Agency No. A70–943–919.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2004.*

Decided Aug. 19, 2004.

Judith L. Wood, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC—District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robert M. Loeb, Joshua Waldman, Office of the Associate, Attorney General, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before HAWKINS, THOMAS, and BEA, Circuit Judges.

## MEMORANDUM**

Lorinda Orozco Ferreras ("Ferreras") petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmation of the Immigration Judge's ("IJ")[1] denial of her applications for asylum and withholding of removal.[2] We review the IJ's decision and affirm.

Substantial evidence supports the IJ's determination that Ferreras did not present a credible or plausible account of her claim. Even though minor inconsistencies cannot form the basis for an adverse credibility determination, an IJ can consider the cumulative effect of many such inconsistencies when judging the petitioner's credibility. *See Pal v. INS*, 204 F.3d 935, 940 (9th Cir.2000).

Although the IJ failed to consider the reasonable explanation for internal inconsistencies in Ferreras's testimony concerning those responsible for her father's death, *see Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001), there is a glaring inconsistency between the declaration and her testimony regarding whether the National People's Army ("NPA") was in fact responsible. *See de Leon–Barrios v. INS*, 116 F.3d 391, 393–94 (9th Cir.1997). On the basis of this inconsistency, the IJ correctly questioned the plausibility of Ferreras throwing away a letter detailing the cause and circumstances of her father's death. Such a letter would relate directly to Ferreras' claim that she fears future persecution by the NPA because of her relationship to her father, who, according to the letter, was killed by that same organization. *See Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000).

Taking the whole record into consideration, it cannot be said the evidence compels the conclusion that Ferreras presented an entirely credible and plausible account of her claim for asylum. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

PETITION DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The IJ conducting the hearing was Ira E. Bank.

2. Ferreras' due process challenge to the BIA's decision to streamline her case is foreclosed by *Falcon Carriche v. Ashcroft*, 335 F.3d 1009, 1016–18 (9th Cir.2003), *amended and superceded on denial of reh'g*, 350 F.3d 845 (9th Cir.2003).